IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSE RAMON PEDRAZA,        )
             )
        Petitioner,    )
             )
        v.        )     1:26CV95
             )
LESLIE -COOLEY DISMUKES, et al.,  )
             )
        Respondents.  )

## <u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>

The petitioner, Jose Ramon Pedraza ("Pedraza"), a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket Entries 1 and 2. The respondents filed a motion to dismiss, Docket Entry 5, and a supporting brief, Docket Entry 6. Pedraza was notified of his right to file a response, Docket Entry 7; however, no response was filed and the time to do so has expired. This matter is now prepared for a ruling.

### I. <u>Background</u>

On May 10, 2021, Pedraza pled guilty in Alamance County Superior Court to second-degree murder and possession of a firearm by a felon. Docket Entry 6, Ex. 1. That same day, the trial court sentenced him to a minimum of 285 months and a maximum of 354 months in prison. *Id.*, Ex. 2.[1] Pedraza did not notice an appeal after his conviction. Docket Entry 1, § 8.

On December 10, 2024, over three years later, Pedraza filed a motion for appropriate relief ("MAR") in Alamance County Superior Court. Docket Entry 6, Ex. 3. In his MAR, Pedraza alleged only that his sentence should be reduced due to mitigating factors and thereby asked the court to grant him a new resentencing hearing. *Id.* at 1-3. On January 27, 2025, the trial court denied Pedraza's MAR, noting that he failed to accompany his MAR with "an affidavit or other documentary support for the allegations." *Id.*, Ex. 4 at 1. The MAR court also determined

---

[1] Pedraza states in his Petition that the date of judgment and sentencing was May 10, 2024. Docket Entry 1 at 1. But the judgment and sentencing occurred on May 10, 2021, as later noted by Pedraza in his Memorandum supporting his Petition and the Judgment and Commitment itself. Docket Entry 6, Ex. 2; *see* Docket Entry 2 at 2-3.

that Pedraza failed to articulate a "valid basis in law or fact to support his Motion." *Id.* at 2. The court then denied the MAR without an evidentiary hearing. *Id.*

On February 25, 2025, Pedraza filed a motion to reconsider and motion to amend his prior MAR. *Id.*, Ex. 5. In addition to his motion to amend, he attached an affidavit describing his experience post-sentencing and his activities while in prison. *Id.* at 4-5. He also attached documentation showing his attendance at Alcoholics Anonymous, a certificate of completion of an English as a Second Language class, and proof of his attendance at religious services, all while in prison. *Id.* at 7-9. On March 27, 2025, the MAR court denied Pedraza's motion to reconsider and motion to amend because he again failed to articulate a "valid basis in law or fact to support his Motion." *Id.*, Ex. 6 at 1.

On January 12, 2026, Pedraza filed a joint petition for writ of habeas corpus and for writ of certiorari with the North Carolina Supreme Court. *Id.*, Ex. 7. In his joint petitions, Pedraza claimed—for the first time—that his trial attorney was ineffective because she failed to "file a notice of appeal requested by him." *Id.* at 3. On January 13, 2026, by two separate orders, the North Carolina Supreme Court denied the petition for writ of habeas corpus and dismissed the petition for writ of certiorari. *Id.*, Exs. 8-9. On January 19, 2026, Pedraza filed the instant federal habeas

petition by placing it in the prison mailing system. Docket Entry 1 at 14.

II. Ground for Relief

In his only ground for relief, Pedraza contends that his trial counsel provided ineffective assistance because he failed to file a notice of appeal upon his request. Docket Entry 1, Ground One; Docket Entry 2. As set forth below, this ground is time-barred.

III.    Discussion

The respondents request dismissal, arguing that the petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). Docket Entry 6.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run, as applicable here, from the latest of a series of dates, including: "(A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *See also Green v. Johnson*,

515 F.3d 290, 303-04 (4th Cir. 2008) (citing the statute).[2]

### i. Pedraza's Sole Ground Is Time-Barred by Years.

Pedraza contends that he received ineffective assistance of counsel because his trial attorney failed to file a notice of appeal upon his request. Docket Entry 1, Ground One; Docket Entry 2. Under Subparagraph (A), Pedraza's one-year limitation period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, Pedraza did not pursue a direct appeal of his conviction with the North Carolina Court of Appeals. Pedraza's judgment thus became final on May 24, 2021, which was fourteen days after his guilty plea on May 10, 2021. Docket Entry 6, Exs. 1-2. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that a conviction is final "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* N.C. R. App. P. 4(a) (10 days to serve notice of appeal, amended effective October 18, 2001 to allow 14 days). Therefore, Pedraza's one-year period of limitation under 28 U.S.C. § 2244(d)(1) commenced in late May of 2021 and expired 365 days later, in late May of 2022. Pedraza dated and filed his petition in January

of 2026. Docket Entry 1 at 14. It is more than three and a half years late.

Pedraza did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999); *see also Agnew v. Langley*, No. 1:05CV00070, 2005 WL 1869232, at *2 (M.D.N.C. Aug. 4, 2005) ("[T]he [statutory] tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief."). Yet, Pedraza did not make any collateral filings in the state courts until December 10, 2024, over two years after the expiration of his one-year deadline, when he filed a MAR in Alamance County Superior Court. Docket Entry 6, Ex. 3. State filings after this limitations period passes do not restart the filing period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). Pedraza's sole ground for relief is thus time-barred and should be dismissed.

---

[2] The record does not reveal any meaningful basis for addressing subparagraphs (B) or (C) of § 2244(d)(1)

and Benders has not invoked these subparagraphs.

Pedraza's objection to the contrary is not persuasive.[3] In Section 18 of his pre-printed habeas form, which asks why the statute of limitations does not bar his petition, Pedraza states that his federal habeas petition is timely because "[t]his petition is currently timely pending the North Carolina Supreme Court's last action in this case decided on January 13, 2026." Docket Entry 1, § 18. Nevertheless, Pedraza filed all of his post-conviction motions after the expiration of the one-year limitation period. His petition is time-barred.

IV. Conclusion

Pedraza's petition is time-barred. Neither a hearing, nor discovery, nor the appointment of counsel are warranted.

**IT IS THEREFORE RECOMMENDED** that the respondents' motion to dismiss, Docket Entry 5, be **GRANTED**, that the petition, Docket Entry 1, be **DISMISSED**, that Judgment be entered dismissing this action, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural

ruling, a certificate of appealability not issue.

JoAnna Gibson McFadden
United States Magistrate Judge

April 17, 2026
Durham, NC

---

[3] Pedraza does not request (or appear to be entitled to) equitable tolling, nor does he assert actual innocence.

4